# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Blue and silver-colored thumb drive with "Carbon TradeXchange" written on it seized from Cengiz Jan Comu | Case No. 3:19-MJ-<br><br>3-19MJ468-BT |

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

MAY 21 2019

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Blue and silver-colored thumb drive with "Carbon TradeXchange" written on it seized from Cengiz Jan Comu. See Attachment A2.

located in the    Northern    District of    Texas   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1341 | Mail Fraud |
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud |

The application is based on these facts:

See attached Affidavit of Postal Inspector Jan G. Bodón.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jan G. Bodón, Postal Inspector, U.S. Postal Inspection Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 21, 2019

_____
*Judge's signature*

City and state: Dallas, Texas     REBECCA RUTHERFORD, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Jan G. Bodón, being first duly sworn state the following:

1. I am a Postal Inspector employed by the U.S. Postal Inspection Service. I have been a Postal Inspector since April 2004. As part of my current duties, I investigate instances of fraud including, but not limited to, those involving the use of the United States Postal Service. I received my basic training as a criminal investigator at the U.S. Postal Service Academy in Potomac, Maryland. Over the years, I have received training in the areas of financial fraud and white collar crime. I have been the case agent in numerous criminal investigations. I have authorized and sworn to numerous affidavits in support of federal search warrants, federal arrest warrants, and federal warrants for seizure of property subject to forfeiture. I have personally participated in executing search warrants and seizing evidence, including computers and other electronic equipment, from both businesses and personal residences.

2. I submit this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41 for a warrant to search for and seize evidence, fruits, and instrumentalities of violations of federal law, including violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud), from (i) an HP pavilion x2 laptop, depicted in Attachment "A1"; and (ii) five thumb drives, depicted in Attachment "A2," seized from Cengiz Jan Comu (a/k/a CJ Comu) on May 7, 2019 (together, the "TARGET DEVICES"), and currently in my possession within the Dallas Division of the Northern District of Texas, by authorizing the

examination of the TARGET DEVICES and the extraction from the TARGET DEVICES of electronically stored information, described in Attachment "B."

3. On March 5, 2019, a federal grand jury returned a sealed indictment charging Comu, and others, with violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud). Case No. 3-19CR-112-K (N.D. Tex.). The indictment alleges that Comu and his co-defendants participated in a high-yield investment fraud scheme involving the sale of stock in a company named EarthWater, Ltd. ("EarthWater"). Comu is EarthWater's founder, Chief Executive Officer (CEO), and Chairman. On March 6, 2019, United States Magistrate Judge Rebecca Rutherford signed an arrest warrant for Comu.

4. On May 3, 2019, United States Magistrate Judge Rebecca Rutherford approved an application for a warrant to search EarthWater's offices in Addison, Texas.

5. Based on my investigation, including the review of documents seized during the search of EarthWater's offices, on May 4, 2019, Comu took a flight from Dallas-Fort Worth International Airport to New York.

6. On May 7, 2019, Comu took a return flight from New York to Dallas-Forth Worth International Airport. As Comu was disembarking from the flight, Postal Inspectors arrested Comu. The TARGET DEVICES were found in Comu's possession during a search incident to Comu's arrest and lawfully seized.

7. For the reasons set forth in the indictment and below, there is probable cause to believe that violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and

18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud), have been committed. Further, there is probable cause to believe that the TARGET DEVICES may contain evidence of the crimes charged in the indictment and other criminal activity.

8. Because this affidavit is being submitted for the limited purpose of setting forth the nature of the probable cause, and securing an order authorizing the examination of the TARGET DEVICES and the extraction from the TARGET DEVICES of electronically stored information described in Attachment "B," I have not included details of every aspect of the investigation known to me or other members of the investigative team.

9. The statements contained in this affidavit are based on my training, experience, and personal knowledge of the investigation. They are also based on knowledge gained from discussions with other Postal Inspectors and other law enforcement officers. In addition, they are based on my review of records and reports relating to the investigation.

10. Comu was indicted for his role in a high-yield investment fraud scheme in which he and his co-defendants allegedly made a series of false and misleading statements to induce victim investors to purchase stock in a company called EarthWater. Comu and his co-defendants prepared false and misleading promotional materials to use when selling EarthWater stock. Examples of the documents Comu and his co-defendants prepared include a Private Placement Memorandum, executive summary, investor presentation, among other things. Comu and his co-defendants distributed these false and misleading promotional materials to salespeople who, in turn, sent the promotional materials to victim investors.

Comu and his co-defendants also sent the false and misleading promotional materials directly to victim investors.

11. Emails obtained pursuant to search warrants for various email accounts, including Comu's email accounts, show Comu sent and received thousands of emails relating to the sale of EarthWater stock in furtherance of the scheme. These documents further revealed that Comu participated in the drafting and preparation of promotional materials that he and his co-defendants used to promote and sell EarthWater stock to victim investors. As described above, these materials included a Private Placement Memorandum and executive summary in Word format, and various investor presentations in PowerPoint format, among other things. They also included false and misleading press releases in Word format. Based on my experience and training, computers – like the HP pavilion x2 laptop that is one of the TARGET DEVICES – are commonly used to send and receive email. Moreover, based on my experience and training, computers – like the HP pavilion x2 laptop that is one of the TARGET DEVICES – are also necessary to prepare electronic documents, such as the ones that Comu prepared and distributed to his co-defendants in the email obtained pursuant to the email search warrants described above. A computer with applications like Word and PowerPoint is required to create and edit the Private Placement Memorandum, executive summary, press releases and investor presentations; such applications would be found on a laptop, like the HP pavilion x2 laptop that is one of the TARGET DEVICES.

12. Based on my training and experience and the investigation of this case that high-yield investment fraud schemes rarely occur without the use of instrumentalities such as computers, smartphones, and other digital devices. In addition, I know from training and experience, as well as the review of documents obtained pursuant to search warrants executed and grand jury subpoenas served in the course of this investigation, that the fraudulent sales of stock described in the indictment could not have happened without the creation, maintenance, communication and distribution of certain types of records, such as promotional materials, leads, written correspondence with victims, stock certificates, spreadsheets containing victim names and victim contract information, spreadsheets tracking commission payments, spreadsheets detailing financial use of proceeds, and the exchange of electronic communications such as email. Moreover, based on the review of documents obtained pursuant to search warrants executed and grand jury subpoenas served in the course of this investigation, I know that Comu prepared, reviewed and edited these types of documents relating to EarthWater. I also know that the perpetrators of high-yield investment fraud schemes generally maintain these records in variety of locations, including on computers, like the HP pavilion x2 laptop that is one of the TARGET DEVICES.

13. Based on my experience and training, documents, such as the kinds described above, are commonly saved on thumb drives – either to facilitate sharing such documents with co-conspirators or to conceal them from the authorities. Moreover, based on my experience and training, thumb drives are often kept in proximity of the computer with which

they are used. Here, the thumb drives that are TARGET DEVICES were found together with the HP pavilion x2 laptop that is one of the TARGET DEVICES.

14. The TARGET DEVICES were found in a briefcase that Comu was carrying at the time of his arrest. The briefcase contained items that, based on my training, experience and investigation, related to EarthWater and the sale of EarthWater stock (which is the subject of the indictment). Examples of such documents include Comu's EarthWater business cards, EarthWater promotional materials, travel documents, and correspondence and documents relating to a meeting between Comu, as EarthWater's Chairman, and the Maxim Group, an investment banking firm located in New York, New York. Based on my review of the documents, Comu had traveled to New York, New York, to participate in a series of meetings at Maxim Group's offices, which took place on May 6-7, 2019. Based on my training and experience, review of the documents, and research concerning the Maxim Group, the subject of the meeting likely concerned the potential sale of EarthWater stock. At the time of his arrest, Comu was returning from his meeting with Maxim Group involving EarthWater. Based on the information above, including the contents of Comu's briefcase and the purpose of his travel, I have probable cause to believe that Comu used the TARGET DEVICES to conduct activities related to EarthWater.

15. Based on the information set forth above, I have probable cause to believe that, on the TARGET DEVICES described in Attachments "A1" and "A2," there currently can be found instrumentalities, fruits, and evidence of crimes in violation of 18 U.S.C. § 1341 (mail

fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud), as specified in Attachment "B."

16. IT IS THEREFORE REQUESTED that the Court authorize the examination of the TARGET DEVICES and the extraction from the TARGET DEVICES of electronically stored information, described in Attachment "B."

17. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night in light of the fact that the execution of this warrant does not involve the physical intrusion onto a premises.

_____
Jan G. Bodón, U.S. Postal Inspector
United States Postal Inspection Service

Sworn to before me this 21st day of May, 2019.

_____
Rebecca Rutherford
United States Magistrate Judge
Northern District of Texas

# ATTACHMENT A1

The property to be searched includes one silver-colored HP pavilion x2 laptop seized from Cengiz Jan Comu, which is pictured below and is currently in the possession of U.S. Postal Inspector Jan G. Bodón, within the Northern District of Texas.



# ATTACHMENT A2

The property to be searched includes five thumb drives seized from Cengiz Jan Comu, including: (i) one blue and silver-colored thumb drive with "Carbon TradeXchange" written on it; (ii) one gold and white-colored thumb drive with "AHNR" written on it; (iii) one black-colored thumb drive with "Time Warner Cable Business Class" written on it; (iv) one yellow and white-colored thumb drive with "Lexar" written on it; and (v) one blue and silver-colored thumb drive with "Exio" written on it; all of which are pictured below and are currently in the possession of U.S. Postal Inspector Jan G. Bodón, within the Northern District of Texas.



## **ATTACHMENT B**

Agents may seize the following categories of electronically stored information:

a. All information residing on the devices described in Attachment "A," that constitutes evidence or instrumentalities of violations of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud), those violations involving Cengiz Jan Comu (a/k/a CJ Comu), Harley E. Barnes, III (a/k/a Buddy Barnes), John Mervyn Price, Richard Laurence Kadish, Richard Lawrence Green, Daniel Thomas Broyles, Sr., or other employees of EarthWater Limited, or individuals who were promised or received compensation from EarthWater for selling EarthWater stock, and occurring after January 1, 2013, including, but not limited to emails, text messages or other communications showing:

    i. The identity of co-conspirators and victim investors;

    ii. Contact information for those individuals;

    iii. Communications between and among any individual named as a defendant in the indictment captioned *United States v. Comu*, 3:19-cr-00012-K (hereinafter "defendant"), any charged or uncharged co-conspirators, or any investor or potential investor, relating to Earthwater or promotion or sale of securities;

    iv. Communications between and among any defendant;

    v. Communications in which any defendant or co-conspirator mentions or references Earthwater;

    vi. Evidence of concealment of the scheme;

 vii.  Evidence related to the criminal intent of Comu or any co-conspirators;

 viii.  Instructions concerning the deposit, escrow or movement of currency; and

 ix.  Lulling communications to victims that assert, among other things, that EarthWater was using the proceeds from stock sales in a manner consistent with the representations made in the private placement memorandum or other promotional materials.

b. For any device or storage medium whose seizure is otherwise authorized by this warrant, and any device or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "DEVICE"):

 i.  evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

 ii.  evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

 iii.  evidence of the lack of such malicious software

 iv.  evidence indicating how and when the device was accessed or used to determine the chronological context of device access, use, and events relating to crime under investigation and to the device user;

      v.      evidence indicating the device user's state of mind as it relates to the crime under investigation;

      vi.      evidence of the attachment to the DEVICE of other storage devices or similar containers for electronic evidence;

      vii.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the DEVICE;

      viii.      evidence of the times the DEVICE was used;

      ix.      passwords, encryption keys, and other access devices that may be necessary to access the DEVICE;

      x.      documentation and manuals that may be necessary to access the DEVICE or to conduct a forensic examination of the DEVICE;

      xi.      records of or information about Internet Protocol addresses used by the DEVICE;

      xii.      records of or information about the DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

      xiii.      contextual information necessary to understand the evidence described in this attachment; and

      xiv.      Routers, modems, and network equipment used to connect computers to the Internet.

      c.      As used above, the term "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).